

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

EASTERN DIVISION

4:19-CV-108-FL

COMPLAINT

| | |
|---|---|
| CALVIN EARL BROWN, ) | REDRESS |
| PLAINTIFF, ) | 42 USC 1983; DEPRIVATION OF CONST. RIGHTS |
| ) | FIRST, FOURTH, AND FOURTEENTH. AMEND. |
| ) | NC GEN. STAT. SUBCH. IX, ART 27., SEC. 1-277 |
| v. ) | MINN. CONST. ART. 1., SEC 8 |
| JENNIFER KNOX, CLERK OF SUPERIOR ) | A FED. QUESTION; 28 USC 1331 |
| COURT OF WAKE COUNTY, ) | NC GEN. CH. 14, ART. 31, SEC. 14-230 |
| DEFENDANT. ) | DAMAGES: FOURTH AMEND. AND THE |
| ) | SUPPORTING MEMORANDUM |

## STATEMENT OF THE CASE

The plaintiff of this issue brings a matter which originated in the Superior Court of Wake County on December 5, 2017 (17 CV 9850). Matters were heard on that day by the Presiding Judge R. Allen Baddour, where the court dismissed the plaintiff's case with prejudice. The case goes to the U S District Court, where within the complete process of the case captioned with the Honorable R. Allen Baddour, as the presiding judge (4:18-cv-00199-FL) who was immune from the suit, the case was recommended for dismissal by the Honorable Robert B. Jones, Jr., United States Magistrate. The M & R was adopted by the Honorable Louise W. Flanagan, United States District Court Judge. This complete process was affirmed by the United States Court of Appeals on, July 18, 2019 (US Court of Appeals, 4th Cir. No.19-1500).

1

## BACKGROUND

This case comes after a petition in the Superior Court of Wake County, against the North Carolina Dept of Revenue (17 CV 9850) where the plaintiff filed a complaint of a violation of his constitutionally protected due process of law rights. After the proceedings of that state issue, the plaintiff filed a Motion for Reconsideration, on December 19, 2017, and later in October 2018, he filed a Notice of Appeal. To this day, the court administration has not properly responded to neither the Motion for Reconsideration, nor the Notice of Appeal.

## JURISDICTION

The plaintiff, a citizen of Beaufort County, in the state of North Carolina of the United States of America, is before the court under, 28 USC 1331, 42 USC 1983, Fed. R Civ. P., Rule 15, the First, Fourth and Fourteenth Amendments of the United State Constitution, wherein, exits a question of a deprivation of statutory and constitutional rights.

## ARGUMENT

The plaintiff of this case brings before the court, as referenced in the Statement of the Case and the Background, a newly, independently, subsequently, but relative of (Brown v. Superior Court of Wake County No. 4:18-cv-00199-FL EDNC) files issue against the defendant Jennifer Knox, Clerk of Court, Superior Court of Wake County. The plaintiff charges, Jennifer Knox, Clerk of Superior Court of Wake County [in her individual capacity] under the color of her authority, failed to exercise the duties and responsibilities of the office, when the clerk did not acknowledge the Notice of Appeal

2

filed by the plaintiff on, October 18, 2018. The Clerk's failure violated the <u>NC Gen. Stat., Subchapter IX, Art. 27, Sec. 1-277(b) NCGS Chapter 14, Art. 31, Sec. 14-230, and the Fourteenth Amendment Due Process of Law. Clause; A Federal Question, 28 USC 1331, 42 USC 1983, Deprivation of Constitutional Rights.</u> The plaintiff argues, these laws are considered to be "established laws". These established laws make the Clerk's Office liable when it does not properly administer the law to the accords of the <u>North Carolina General Statues and the North Carolina or United States Constitutions.</u> The plaintiff argues, this complaint is bought because of the reference issues previous in the U S District Court and the Court of Appeals, and that this complaint brings forth the question of whether the plaintiff is able to redress his issue by a way to fix the wrong for which is cited by the courts in reference, when the plaintiff named the Honorable Judge Baddour, who is immune from a law suit. The mistake was done when the plaintiff should had named the Clerk of Superior Court of Wake County independently for the violation of the established laws. It is arguable whether arguments of the plaintiff would fit the violation of these established laws, if the plaintiff had named only the Clerk of Court, instead of the court and /or judge. The plaintiff argues, he is entitled to redress in accordance to the First and Fourteenth Amendment, the right to petition the government for a due process procedure or error as a new issue. There are no visible restrictions to deny the plaintiff here such as: failing to exhaust other remedies before proceeding, signed a contract preventing or, the expiration of a statue of limitation. Additionally, the <u>Fed. Rules of Civ. P., Rule 15,</u> allows this case to relate back, which then allows any possible tolling to aid the statue of limitations. Here, its apparent in this particular case, there is no threat of a statue of limitation lost. The clerk's office does clearly cross established lines which disqualifies the clerk from qualified immunity (<u>Minn. Const. Art. 1, Sec., 8).</u> Moreover, the plaintiff now comes in this "new or actual" claim governed by <u>FRCP, Rule 15,</u> and argues, statues of limitations has

3

not run; whereby, this new claim may be permitted. The clerk qualifies as a "new" defendant in exchange for the "old". The plaintiff has a right to be here in this court pursing this claim. This is without ambiguity, and thus, undeniably so. The clerk [in her individual capacity] term ended as a new clerk assumed the authority due to the result of winning the election. The old term is what we are concerned about for the election did not occur until November 6, 2018. The plaintiff, here, prays upon the court to proceed.

The plaintiff argues, the Clerk duly violates because in Harlow v. Fitzgerald, 457 UA 800 (1982) the court establishes whether qualified immunity exists with an objective standard "i.e." if the conduct violates a statutory or constitutional right, then qualified immunity is disqualified. The clerk when performing an appeal process is performing a ministerial function for the court. Ministerial functions are not covered in the judicially protected immunity community. In Conley v. Gibson, 355 US 41 (1957) Garrett v. Elko, 120 F. 3d 261, 1997 WL 457667 (4th Cir. Aug. 12, 1997) the court established that a suit of law cannot be dismissed on the premise of frivolous, unless it can be proven that the plaintiff can prove no sets of facts. It is certain that this case does sit on docket in the Superior Court of Wake County; therefore, it necessitates the issue complained by the plaintiff is certifiable. Fed. R. Civ. P 8(a)(2) a complaint must contain a "short and plain statement showing that the pleader is entitled to relief. Bell Atlantic v. Twombly, 550 US at 555; the rule does not call for sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face". The claim is facially plausible when the pleaded factual content allows the court to draw a reasonable inference, the defendant is liable for the misconduct alleged.

4

Is the Clerk of Court, Superior Court of Wake County [in an individual capacity] obligated to fully discharge the responsibilities and duties of the office?

The plaintiff argues, according to NC Gen. Stat. Subchapter IX, Art. 27, and Art. 31,Sec 14-230, the clerk is bound where it specifically states that should any clerk of any court of record, sheriff, magistrate, school board member, county commissioner, county surveyor, coroner, treasurer, or official of any of the State institutions, or of any county, city, or town, shall willfully omit, neglect or refuse to discharge any of the duties of his office, for default wherefore it is not elsewhere provided, that he shall be indicted, he shall be guilty of a Class 1 misdemeanor. It is arguable that the reason for this neglect evidenced by the docket and court record, is however reckless abandonment. It is another thing to call this wanton or malicious, and additionally, the evidence of time where no one to this date has recognized this error. The plaintiff asserts, the defendants could not possibly justify for this degree of time and neglect. The plaintiff propounds, in attempting to post a type of character to this neglect, he asserts that on, Dec. 19, 2017, he filed a Motion for Reconsideration, and waited until, July 24, 2018, before he amended, due to a Dept of Revenue error. Since there was no response through, October, 18, 2018, he then filed a Notice of Appeal. This characterization might suggest this to be severe and foul; wherefore, malicious and wanton could fit. The dispute here is highly controversial, if the clerk is allowed to attach, in otherwise, to a case where it is in no way " i. e." in writing, directed by the court to omit the established law. The clerk cannot assume that the judge would prefer such an omittance, as the law stipulates. Here, you really shouldn't fail to include, "wanton, malicious, or reckless", where the question rises to whether you may consider this neglect to be deliberate, shameless, or abandonment. How did this fail the plaintiff? For example, the superior court docket will show in the, July 24, 2018,

5

motion, disdain, as we will find that the neglect is visually willful, in as much, that it is unavoidable for the clerk to respond. In support, the defendant ignored the process anyway, and this might be viewed by the court as clear and convincing evidence (NC Gen. Stat. 1D-15). It is proven that this is total abandonment because, the Dept of Justice did respond (file date Aug. 3, 2018) and it was absenteeism of the clerk not to respond. This is to say, with this degree of activity, the clerk should had recounted on the situation in its entirety. The clerk should had known, or its expected to had known that a response was necessary when the clerk received the Notice in October 2018.

In considering whether the NC Gen Stat., Subchapter IX, Art. 27, Sec .1-277, applies to the clerk's responsibilities and duties, who or what is subject to the objections as to the appeal process?

The plaintiff submits the argument, according to Sec. 1-277, the appeal process is subject to an appeal from the superior or district court judge. An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right in any action or proceeding; or which in effect determines the action, and prevents a judgement from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial (b) any interested party shall have the right to appeal of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause. The plaintiff complains, this eliminates the idea that the clerk acted responsibly by showing or the actual act of being obedient to an order.

The argument persists, it was the plaintiff's right to the appeal of the, December 5, 2017, court decision. Here, the argument is vehemently against the clerk's inclusion of being the same community with

6

judicial immunity, because the clerk was obedient to the order. In this certain circumstance, the slight is, the clerk was not directed or wrote to follow the order; henceforth, the clerk needed more to be to the established law, where the issue remains that the clerk fails to execute the appeal process.

The plaintiff brings to the attention of the court, in the reference district court case, he complained the Clerk of Superior Court acted in bad faith to abandon his appeal process. Here, he reinstates the claim that in her individual capacity the clerk was in bad faith to neglect the plaintiff's notice.

### RELIEF

The plaintiff requests of the court to consider the demand of the plaintiff against the defendant. It is the request to deter the defendant, for it is an administrative right of all citizens of the United States to be free from harassment of the constitutional privileges, for which Congress has framed to better mankind. The figure of 160 million dollars does not restore any compensation as a physical or actual lost has transpired, but there is a constitutional unrest among the American body of people that it has injured. It is the intentional infliction that has robbed the plaintiff of the Fourteenth Amendment constitutional fairness principle culminating the fact that this character went out of the context of its responsibilities and duties to neglect the plaintiff; wherefore, the court is reminded, there was no written instruction to direct the clerk any different. The whole purpose of a deprivation of a liberty right by a clerk of court [in an individual capacity] that deviated from a common law standard is to prevent in the future such an abhor act. Since this argument raises a pre-verdict question regarding eligibilities of awards without a physical lost of compensatory damages, the court is in a proper position to opine on the matter (NC Gen. Stat. 1D-15).

7

The legal system's concept of damages reflects this view of legal rights. The cardinal principle of damages in Anglo-American law is that of compensation for the injury caused to plaintiff by the defendant's breach of duty F. Harper & F. James Law of Torts 25.1 p 1299 (1956).

The Court implicitly has recognized the applicability of this principle to action under 1983 by stating that damages are available under that section for actions found to have been violative of constitutional rights and to have caused compensable injury 435 US 247, 255 Wood v Strickland, 420 US at 319 Codd v. Velger, 429 US 624 630-631 (1977) Bivens v Six Unknown Narcotic Agents, 403 US 388, 397 (1971) Pacific Mut. Life Ins. Co. v Haslip 499 U.S. 1 (1991) TXO Production Corp. V. Alliance Res.Corp, 509 U.S. 443 (1993) State Farm v Campbell, 538 US 408 (2003) Browning-Ferris, Inc. v. Kelco, 492 US 257 (1989) BMW of North America, Inc. v. Gore 517 US 559 (1996).

In the latent argument, this would make plausible and satisfy the fact that this plaintiff shows no nominal compensatory damages, and it is certified by law that he is eligible for an award to deter. The plaintiff therefore raises the issue, because this was malicious, wanton, willful, intentional, and reckless; whereas, punitive damages are in order as well.

8

## CONCLUSION

The plaintiff concludes this argument and prays to the court in this "new or actual" claim, one which switches defendants. This comes as a result of the courts admonishment in a previous citation; wherefore, the plaintiff was in error to proceed in district court against the Honorable Judge Baddour, who is immune from a suit of law. This instant case now erects the wrong before the court.

July 29, 2019

DATE

*Calvin Gay Brown*

PLAINTIFF
31 Cherry Lane
Chocowinity, NC 27817

9

Case 4:19-cv-00108-FL    Document 7    Filed 08/08/19    Page 9 of 9